## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 CR 607 | **DATE** | 9/15/2004 |
| **CASE TITLE** | USA vs. Tony Lapi | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]   For the reasons stated in the attached memorandum opinion and order, the government's amended motion for a hearing to determine mental competency of the defendant is denied. Enter Memorandum Opinion and Order. Status hearing set for 9/28/04 at 9:30 a.m. If the defendant fails to appear for the 9/28/04 status hearing, the Court will issue a warrant for his arrest.

(11) ■ [For further detail see order attached to the original minute order.]

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 02 CR 0607 |
| v. ) | |
| ) | Judge John W. Darrah |
| TONI LAPI, ) | |
| ) | |
| Defendant. ) | |



DOCKETED
SEP 1 6 2004

## MEMORANDUM OPINION AND ORDER

Defendant, Toni Lapi, was charged in a one-count indictment with bank robbery, under 18 U.S.C. § 2113(a). Following his arrest and incarceration, Lapi began exhibiting behavior that called into question his mental competency to stand trial. On August 1, 2002, Lapi moved this Court for a competency hearing.

On August 21, 2002, this Court granted Lapi's motion and entered an order committing Lapi to the custody of the United States Attorney General for evaluation. The Court ordered Lapi to be transferred to the Federal Medical Center in Rochester, Minnesota, for a competency evaluation pursuant to 18 U.S.C. § 4241(b).

Lapi arrived at the Rochester facility on September 10, 2002. On October 22, 2002, the Warden from the Rochester facility informed the Court via a letter that Lapi "suffers from a mental disease or defect rendering him unable to understand the nature and consequences of the proceedings against him, or to assist properly in his defense." Rochester Forensic Psychologist Dr. Kelly Ball concluded that Lapi's unremitting and grossly disorganized behavior could not be easily feigned.

She further indicated that his medical records revealed nearly thirty years of treatment for severe mental illness. Dr. Ball determined that Lapi suffered from Schizoaffective Disorder, which is a severe and chronic psychotic illness that requires psychiatric medication.

On November 1, 2002, this Court found Lapi mentally incompetent to stand trial and committed Lapi to the custody of the Attorney General for hospitalization and treatment, pursuant to 18 U.S.C. § 4241(d), "for such a reasonable period of time, not to exceed four months, as is necessary to determine whether there is a substantial probability that in the foreseeable future, he will attain the capacity to permit the adjunctive process to proceed."

On March 6, 2003, Dr. Ball reported that during Lapi's four-month inpatient hospitalization, Lapi was provided with the full services of a multi-disciplinary treatment team. Dr. Ball reported that Lapi did not always appear confused, "but such episodes occur with enough regularity, that his competency remains highly questionable." Dr. Ball requested a 120-day extension of Lapi's commitment to allow for medication adjustments in an attempt to restore him to competence. On March 13, 2003, Lapi was ordered to remain in the custody of the Attorney General for an additional 120 days of treatment pursuant to 18 U.S.C. § 4241(d)(2).

In a report dated June 30, 2003, the Rochester staff determined that Lapi was still unable to understand the nature and consequences of the charges against him, or to assist properly in his own defense. Further, the doctors determined that there is not a substantial probability that Lapi will attain the capacity to permit the trial to proceed in the foreseeable future.

In addition to Lapi's competency, the Rochester staff addressed Lapi's potential dangerousness. The staff found that as a result of Lapi's mental illness, his release from custody would create a substantial risk of harm to others or to the property of others and that he was "in need

2

of continued inpatient mental health treatment in a secure facility such as any Bureau of Prisons medical center." Accordingly, the Warden at the Rochester facility filed a Certificate of Mental Disease or Defect and Dangerousness in the United States District Court for the District of Minnesota, pursuant to 18 U.S.C. § 4246(a).

On July 2003, the Court ordered that Lapi remain committed in the custody of the Attorney General and the Bureau of Prisons, pursuant to 18 U.S.C. § 4246, for an indeterminate period of time. On September 24, 2003, the Court found, pursuant to 18 U.S.C. § 4241(d), that Lapi's mental condition had not so improved as to permit the criminal trial to proceed and that he was properly subject to the provisions of 18 U.S.C. § 4246. Accordingly, Lapi was ordered to remain in the custody of the Attorney General, pending resolution of the commitment proceedings in the District of Minnesota. During this time, it was determined that suitable arrangements for state custody were available at a mental health facility in Elgin, Illinois. The Elgin Mental Health Center advised the Rochester facility that it would accept Lapi's placement. Lapi was voluntarily admitted into the Elgin facility in early October 2003. Consequently, federal commitment was unnecessary, so the Government filed a Withdrawal of Commitment Petition in the United States District Court of Minnesota.

However, while at the Elgin facility, it was determined that Lapi no longer required hospitalization and that a nursing home or group home facility would be suitable. Lapi was then placed in a group living facility in Arlington Heights, Illinois. After approximately ninety days at the Arlington Heights facility, it was determined that Lapi was incapable of the routine and regimen required at the facility and that a nursing home was recommended. Lapi refused to go live in a nursing home and left the facility. Lapi's current whereabouts are presently not known.

The Government has now moved for another examination to determine whether Lapi remains incompetent. Lapi argues that the Court lacks statutory authority to commit Lapi for a second competency evaluation.

Interpretation of the Insanity Defense Reform Act of 1984 is guided by three principles: (1) Congress's power to provide for the custody of persons charged with a crime and awaiting trial, (2) limitations on the power of Congress by the fact that the care of insane persons is essentially a function of the state, and (3) assuring commitment proceedings pursuant to statute comport with due process. *See United States v. Shawar*, 865 F.2d 856, 859 (7th Cir. 1989) (*Shawar*).

If a court concludes, after a Section 4241 hearing, that a defendant is not competent, the court must commit the defendant to the care of the Attorney General for evaluation and treatment. 18 U.S.C. § 4241(d); *Shawar*, 865 F.2d at 860. The Attorney General then hospitalizes the defendant for treatment in a suitable facility for a time not to exceed four months to determine whether there is a substantial probability that in the foreseeable future he will attain the capacity to permit the trial to proceed or for an additional reasonable time until his mental condition is so improved the trial may proceed or the pending charges against him are disposed of according to law. If, at the end of the time period specified, it is determined that the defendant's mental condition has not improved as to permit the trial to proceed, the defendant becomes subject to the provisions of Section 4246. 18 U.S.C. 4241(d).

Pursuant to Section 4246, if the director of the facility in which the defendant is hospitalized pursuant to Section 4241(d) determines the defendant is presently suffering from a mental disease or defect as a result of which his release would create a substantial risk of bodily injury to another person or serious damage to the property of another, and that suitable arrangements for state custody

4

and care of the person are not available, the director shall transmit a certificate indicating such to the clerk of the court. The court then must conduct a hearing to determine whether the defendant is presently suffering from a mental disease or defect as a result of which his release would create a substantial risk of bodily injury to another person or serious damage to another's property. A certificate filed under this section stays the release of the defendant pending completion of these procedures. 18 U.S.C. § 4246(a). The responsibility for filing a certificate under Section 4246(a) lies with the director of the facility in which the defendant is hospitalized. The statute does not authorize either the Government or the district court to initiate Section 4246 proceedings. *See United States v. Moses*, 106 F.3d 1273, 1280 (6th Cir. 1997) (*Moses*).

No certificate has been filed in the instant case. Furthermore, there is no statutory authority for the Government to initiate the proceedings under Section 4246, as requested in its present motion. *See Moses*, 106 F.3d at 1280. Nor has the Government identified any other statutory authority providing for a second mental competency hearing. Accordingly, the Government's Amended Motion for a Hearing to Determine Mental Competency of the Defendant is denied.

Dated: September 15, 2004

JOHN W. DARRAH
United States District Judge