# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 02 CR 0607 |
| v. ) | |
| ) | Judge John W. Darrah |
| TONI LAPI, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

Defendant, Toni Lapi, was charged in a one-count indictment with bank robbery, under 18 U.S.C. § 2113(a). Following his arrest and incarceration, Lapi began exhibiting behavior that called into question his mental competency to stand trial. On August 21, 2002, this Court granted Lapi's motion for a competency hearing; following the hearing, an order was entered committing Lapi to the custody of the United States Attorney General for evaluation. The Court ordered Lapi to be transferred to the Federal Medical Center in Rochester, Minnesota, for a competency evaluation pursuant to 18 U.S.C. § 4241(b).

On October 22, 2002, the Warden from the Rochester facility informed the Court via a letter that Lapi "suffers from a mental disease or defect rendering him unable to understand the nature and consequences of the proceedings against him, or to assist properly in his defense." Rochester Forensic Psychologist Dr. Kelly Ball concluded that Lapi's unremitting and grossly disorganized behavior could not be easily feigned. She further indicated that his medical records revealed nearly thirty years of treatment for severe mental illness. Dr. Ball determined that Lapi suffered from Schizoaffective Disorder, which is a severe and chronic psychotic illness that requires psychiatric medication.

On November 1, 2002, this Court found Lapi mentally incompetent to stand trial and committed Lapi to the custody of the Attorney General for hospitalization and treatment, pursuant to 18 U.S.C. § 4241(d), "for such a reasonable period of time, not to exceed four months, as is necessary to determine whether there is a substantial probability that in the foreseeable future, he will attain the capacity to permit the adjunctive process to proceed."

On March 6, 2003, Dr. Ball requested a 120-day extension of Lapi's commitment to allow for medication adjustments in an attempt to restore him to competence. On March 13, 2003, Lapi was ordered to remain in the custody of the Attorney General for an additional 120 days of treatment pursuant to 18 U.S.C. § 4241(d)(2).

In a report dated June 30, 2003, the Rochester staff determined that Lapi was still unable to understand the nature and consequences of the charges against him or to assist properly in his own defense. Further, the doctors determined that there was not a substantial probability that Lapi would attain the capacity to permit the trial to proceed in the foreseeable future.

In addition to Lapi's competency, the Rochester staff addressed Lapi's potential dangerousness. The staff found that as a result of Lapi's mental illness, his release from custody would create a substantial risk of harm to others or to the property of others and that he was "in need of continued inpatient mental health treatment in a secure facility such as any Bureau of Prisons medical center."

On July 10, 2003, the Court ordered that Lapi remain committed in the custody of the Attorney General and the Bureau of Prisons, pursuant to 18 U.S.C. § 4246, for an indeterminate period of time. On July 17, 2003, the Warden at the Rochester facility filed a Certificate of Mental Disease or Defect and Dangerousness in the United States District Court for the District of

2

Minnesota, pursuant to 18 U.S.C. § 4246(a). The Certificate stated that the Warden and his staff believed that Lapi was:

> currently suffering from a mental disease or defect as a result of which his release would create a substantial risk of bodily injury to another person or serious damage to the property of another. In addition, suitable arrangements for state custody and care of this person are not currently available.

On July 24, 2003, the United States Attorney for the District of Minnesota filed a Petition to Determine Present Mental Condition of an Imprisoned Person Due for Release Under 18 U.S.C. § 4246 in the United States District Court of Minnesota. The Petition sought a hearing to determine Lapi's then-mental condition, an order finding that Lapi continued to suffer from a mental disease or defect, and an order committing Lapi to the custody of the Attorney General for continued hospitalization and treatment until suitable state placement could be found or until Lapi's release no longer constituted a substantial risk of bodily injury of another person or serious damage to the property of another.

On September 24, 2003, this Court found, pursuant to 18 U.S.C. § 4241(d), that Lapi's mental condition had not so improved as to permit the criminal trial to proceed and that he was properly subject to the provisions of 18 U.S.C. § 4246. Accordingly, Lapi was ordered to remain in the custody of the Attorney General, pending resolution of the commitment proceedings in the District of Minnesota.

During this time, it was determined state custody was available at a mental health facility in Elgin, Illinois. The Elgin Mental Health Center advised the Rochester facility that it would accept Lapi's placement. Lapi was voluntarily admitted into the Elgin facility in early October 2003.

On October 27, 2003, the Government filed a Withdrawal of Commitment Petition in the United States District Court of Minnesota based on Lapi's being placed into state placement in Elgin, Illinois.

While at the Elgin facility, it was determined that Lapi no longer required hospitalization and that a nursing home or group home facility would be suitable. Lapi was then placed in a group living facility in Arlington Heights, Illinois. After approximately ninety days at the Arlington Heights facility, it was determined that Lapi was incapable of the routine and regimen required at the facility and that a nursing home was recommended. Lapi presently resides in a nursing home in Illinois.

In May 2004, the Government moved for another examination to determine whether Lapi remains incompetent. In September 2004, the Court denied the Government's motion. Both parties have now moved to dismiss the indictment.

Interpretation of the Insanity Defense Reform Act of 1984 is guided by three principles: (1) Congress's power to provide for the custody of persons charged with a crime and awaiting trial, (2) limitations on the power of Congress by the fact that the care of insane persons is essentially a function of the state, and (3) assuring commitment proceedings pursuant to statute comport with due process. *See United States v. Shawar*, 865 F.2d 856, 859 (7th Cir. 1989) (*Shawar*).

If a court concludes, after a Section 4241 hearing, that a defendant is not competent, the court must commit the defendant to the care of the Attorney General for evaluation and treatment. 18 U.S.C. § 4241(d); *Shawar*, 865 F.2d at 860. The Attorney General then hospitalizes the defendant for treatment in a suitable facility for a time not to exceed four months to determine whether there is a substantial probability that in the foreseeable future he will attain the capacity to permit the trial to proceed or for an additional reasonable time until his mental condition is so

improved the trial may proceed or the pending charges against him are disposed of according to law. If, at the end of the time period specified, it is determined that the defendant's mental condition has not improved as to permit the trial to proceed, the defendant becomes subject to the provisions of Section 4246. 18 U.S.C. § 4241(d).

Pursuant to Section 4246, if the director of the facility in which the defendant is hospitalized pursuant to Section 4241(d) determines the defendant is presently suffering from a mental disease or defect as a result of which his release would create a substantial risk of bodily injury to another person or serious damage to the property of another, and that suitable arrangements for state custody and care of the person are not available, the director shall transmit a certificate to the court where the defendant is confined indicating such to the clerk of the court. Following the filing of a certificate, the *"court shall order a hearing to determine whether the person is presently suffering from a mental disease or defect as a result of which his release would create a substantial risk of bodily injury to another person or serious damage to the property of another."* A certificate filed under this section stays the release of the defendant pending completion of these procedures. 18 U.S.C. § 4246(a).

In the instant case, a Certificate of Mental Disease or Defect and Dangerousness was filed in the United States District Court for the District of Minnesota, pursuant to 18 U.S.C. § 4246(a). Pursuant to Section 4246(a), a hearing was required to determine whether Lapi was then suffering from a mental disease or defect as a result of which his release would create a substantial risk of bodily injury to another person or serious damage to another's property. The certificate filed under this section stayed the release of Lapi pending completion of these procedures. 18 U.S.C. § 4246(a).

It has now been determined that contrary to the requirements of Section 4246(a), a hearing

was not held to determine whether Lapi was then suffering from a mental disease or defect as a result of which his release would create a substantial risk of bodily injury to another person or serious damage to another's property. Instead, he was transferred to a facility in Elgin, Illinois; and Lapi was released to that facility. However, Section 4246 does not provide for the release of the defendant after the certificate has been filed until a hearing is held and it is determined if the defendant's release would create a substantial risk of bodily injury to another or serious damage to the property of another.

To the contrary, when a facility in Illinois was found that would accept the Defendant, he was released to that facility. Section 4246(d) provides for such a release but only "after the hearing." 42 U.S.C. § 4246(d). Furthermore, there is no provision in Section 4246(a) for the withdrawal of a certificate if suitable arrangements are found. Rather, the statute specifically provides that the court "shall" order a hearing and any release of the defendant is stayed pending the completion of the procedures.

Based on the above, a hearing pursuant to statute is necessary to determine if the Defendant's release would create a substantial risk of bodily injury to another or serious damage to the property of another. Both parties have filed motions to dismiss. The matter is continued to May 25, 2005, at 9:00 a.m. for status and setting for hearing.

Dated: May 9, 2005

JOHN W. DARRAH
United States District Judge